EASTERN RAILROAD COMPANY *vs.* LEVI BENEDICT & another.

In an action upon an order to deliver stock, if the declaration alleges a demand according
to the tenor of the order, the want of any demand cannot be taken advantage of under
an answer which only denies the existence and acceptance of the order.

A promise to accept and pay an order for the delivery of stock in a corporation, which the
drawee had agreed to pay for certain goods sold to him, is not within the statute of frauds,
if those goods have been delivered to him; otherwise, if they have not.

In an action for not delivering stock according to an order which specifies no time of
delivery, the measure of damages is the value of the stock when demanded.

ACTION OF CONTRACT to recover damages for the non-
payment of the following order :

" September 24th 1850. Messrs. Benedict & Warren, Salem,
Mass. Gentlemen : Please give Mr. D. A. Neale, President of
the Eastern Railroad Company, stock in the Salem Gas Light
Company at par to the amount of seven thousand dollars, and
place the same to my account. Yours respectfully,

" Leonard Fuller."

The declaration alleged an acceptance and promise to pay

the order, and a demand made according to its tenor. The answer put in issue the existence of such an order, and denied any acceptance thereof or promise to deliver stock under it. After the adjudication, reported in 5 Gray, 561, that these plaintiffs could bring the action, a trial was had before *Merrick*, J., who reported the following case for the decision of the full court :

" The plaintiffs offered no evidence tending to show a demand for the delivery of the stock mentioned in the order, before bringing the action. The defendants' counsel contended that proof of such demand was a necessary prerequisite to the maintenance of the action. Upon this point I ruled, that such a demand was alleged in the writ, and not denied in the answer, and that therefore it need not be proved by the plaintiffs.

" The plaintiffs offered evidence tending to prove that Fuller made with the defendants a written contract to furnish them with iron pipe for the Salem Gas Light Company, whose works they had agreed to construct, and to take his pay therefor in stock of that company at par; that the plaintiffs had contracted to sell and did sell to Fuller a quantity of iron for $7000, agreeing to take payment therefor in stock of said company at par; that while the negotiations between the plaintiffs and Fuller were going on, George Odiorne, (who acted as broker for the plaintiffs, but did not disclose his agency to the defendants,) went to one of the defendants, and obtained a parol promise by the defendants to accept an order to be drawn by Fuller on them — the person in whose favor the order was to be drawn, and the time when the stock was to be delivered, not being mentioned — for $7000, payable in the stock of the Salem Gas Light Company at par; that afterwards the bargain between the plaintiffs and Fuller was completed, the iron sold, and a bill of sale thereof given, and said order on the defendants taken in payment therefor.

" The defendants' counsel contended that such a promise as above mentioned, if proved, was insufficient to maintain the action, because the promise was not in writing, and was without consideration, and because neither the payee of the order, nor the time when the order was to be payable, was mentioned

or included in the promise; and that this evidence should not be received.

" The plaintiffs also offered evidence tending to prove a parol promise by the defendants to the plaintiffs to accept the order now in suit after the same was drawn. The defendants' counsel objected to this evidence, because the promise was not in writing, and was without consideration.

" Thereupon I submitted to the jury the following questions, and ruled, for the purposes of the trial, that if the jury found in the affirmative upon either of them, it would be sufficient to enable the plaintiff to maintain the action :

" 1st. Did the defendants, before the order of Fuller now in suit was drawn, verbally agree to accept an order to be drawn by him — the person in whose favor it was to be drawn not being mentioned, nor the time when the stock was to be delivered — for seven thousand dollars, payable in the Salem Gas Light Company's stock at par ?

" 2d. Did the defendants, after the order now in suit was drawn, verbally promise and agree with the plaintiffs to accept it ?

" The jury found in the affirmative upon both questions; whereupon I directed a general verdict to be taken for the plaintiffs.

" Upon the subject of damages, the defendants' counsel contended that the measure of damages should be the value of the stock at the time when the breach of the defendants' promise was made, or at the date of the writ. I ruled that the measure of damages should be the value of the stock at the time of the trial, and the damages were assessed by the jury accordingly."

*J. P. Healy*, for the defendants, upon the measure of damages, cited *Quarles* v. *George*, 23 Pick. 400 ; *Shaw* v. *Nudd*, 8 Pick. 9 ; *Parks* v. *Boston*, 15 Pick. 206 ; *Stone* v. *Codman*, 15 Pick. 297 ; *Weld* v. *Oliver*, 21 Pick. 559.

*G. M. Browne*, for the plaintiffs, upon the same question, cited *Shepherd* v. *Johnson*, 2 East, 211 ; *M'Arthur* v. *Seaforth*, 2 Taunt. 257 ; *Harrison* v. *Harrison*, 1 Car. & P. 412 ; *Downes* v. *Back*, 1 Stark. R. 318 ; *Clark* v. *Pinney*, 7 Cow. 681.

THOMAS, J.  1. The ruling of the presiding judge, as to the effect of the allegation of a demand in the declaration, not denied in the answer, was in strict conformity to the *St.* of 1852, *c.* 312, § 26.  Alleged with substantial precision and certainty, and not denied in clear and precise terms, it must be deemed to be admitted.

2. If the iron had been delivered under the contract to the defendants by Fuller, such delivery of the iron would be payment for the stock.  If so, the agreement to accept the order to transfer to the plaintiffs would not be within the statute of frauds.  It would not be an agreement to sell and transfer stock.  The stock would have been already purchased and the consideration paid.  It would be but an agreement to transfer the stock to which Fuller was entitled to the plaintiffs.

But if, on the other hand, the iron had not been delivered, it would be an agreement for the sale and delivery of so much stock, the evidence of which should, under the fourth section of the statute of frauds, have been in writing.  Rev. Sts. *c.* 74, § 4.

3. The true measure of damages was the value of the stock at the time when, under the contract, it should have been delivered.  No time being specified in the order for the delivery, the time when the demand was made must be the point at which the value is to be fixed.  *New trial ordered.*